IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CHARLES, | : | CIVIL ACTION |
| | : | NO. 99-2430 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH W. CHESNEY, et al., | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                January 19, 2023

## I.   INTRODUCTION

Before the Court is Petitioner's Rule 60(b)(6) motion, seeking the Court to relieve him from a 1999 Order dismissing his § 2254 habeas petition without prejudice due to a jurisdictional defect pursuant to 28 U.S.C. § 2241(d). See Pet.'s Mot., ECF No. 3. Respondent filed a response in opposition arguing primarily that Petitioner's 60(b) motion was not made within a reasonable time. See Resp.'s Resp. in Opp., ECF No. 8 [hereinafter "Resp.'s Resp."]. For the reasons explained herein, Petitioner's 60(b)(6) motion will be denied.

## II.  BACKGROUND

Following a trial by jury, Petitioner was convicted of murder in the first degree (18 PA. CONS. STAT. § 2502(a)), two counts of robbery (18 PA. CONS. STAT. § 3701), one count of

robbery of a motor vehicle (18 Pa. Cons. Stat. § 908), and four counts of criminal conspiracy (18 Pa. Cons. Stat. § 903) in the Court of Common Pleas in Dauphin County, Pennsylvania on April 13, 1995. On May 19, 1995, Petitioner was sentenced to life in prison without the possibility of parole on the murder conviction.[1]

In response to Petitioner's May 12, 1999 habeas corpus petition, the Court entered a dismissal order for lack of jurisdiction (the "Court's 1999 Order"):

> AND NOW, this 18th day of May 1999, it appearing that petitioner has filed a petition for Habeas Corpus under 28 U.S.C. § 2254, and
> it further appearing that petitioner was convicted in the Court of Common Pleas of Dauphin County, Pennsylvania and is currently incarcerated in a state prison in Schuylkill County, Pennsylvania, and
> it further appearing that neither Dauphin County nor Schuylkill County is located within the territorial confines of the Eastern District of Pennsylvania, and
> it further appearing that pursuant to 28 U.S.C. § 2241(d), this court does not have jurisdiction over this matter, it is hereby
> ORDERED that petitioner is granted provisional in forma pauperis status for the purpose of this Order only, and it is further

---

[1] Petitioner was also sentenced to one to two years of imprisonment to run concurrent to his life sentence on the conspiracy to commit murder conviction, the robbery of a motor vehicle conviction, and the possession of an offensive weapon conviction. Petitioner was sentenced to five to ten years imprisonment to run consecutive to his life sentence on a robbery conviction and the criminal conspiracy to commit said robbery conviction. Petitioner was sentenced to five to ten years to run concurrent to his other robbery conviction for a different robbery conviction and the criminal conspiracy to commit said robbery conviction.

2

>      ORDERED that this petition is dismissed without
> prejudice.

See Order, ECF No. 2. Subsequently, the Middle District of Pennsylvania dismissed his separately filed habeas petition as time barred. See Charles v. Rozum, M.D. Pa. 06-926.

Petitioner avers that while he was preparing a pro se PCRA petition in 2021, in which he needed to provide a detailed procedural history of his criminal process, he realized that he was not in possession of the Court's 1999 Order. After having his family reach out to the National Archives to obtain a copy of the Order at issue, Petitioner "first discovered" the Court's rationale behind the Order. See Pet.'s Mot. at 2. Petitioner contends that he was not aware that the Court dismissed his petition for lack of jurisdiction and instead, admittedly mistakenly, thought that the petition was dismissed due to his failure to pay the entire filing fee because he paid $2 instead of the required $5. Id. at 35-36.

In the Rule 60(b)(6) motion now before the Court, Petitioner argues that the Court was mistaken in dismissing his case without prejudice due to a jurisdictional defect instead of transferring the case to a proper jurisdiction, the Middle District of Pennsylvania, or at least, considering whether a transfer was in the "interest of justice." In response, Respondent contends that the motion is untimely, the 1999 Order

3

was "indubitably sent to Petitioner," and Petitioner's concerns should be addressed by his PCRA petition before he can turn to federal courts for relief. See Resp.'s Resp. 2-4.

### III.  DISCUSSION

"[W]hen a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a true 60(b) motion and not a successive petition. Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Because this motion attacks the Court's procedural ruling in the habeas proceeding rather than the substance of the state court's resolution of a claim on the merits, it is a true 60(b) motion.

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) provides litigants with a mechanism through which they may obtain relief from a final judgment "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 529 (2008). A district court may only grant relief under Rule 60(b)(6) in "extraordinary circumstances where, without such relief, extreme and unexpected hardship would occur." Cox v. Horn, 757 F.3d 113, 120 (3d Cir.

4

2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)). "Such circumstances will rarely occur in the habeas context," Gonzalez, 545 U.S. at 535, and "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Cox, 757 F.3d at 121 (quoting Agostini v. Felton, 521 U.S. 203, 239 (1997) (emphasis in original)). "A motion made under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c).

Petitioner argues that the instant 60(b) motion was filed "within one year." As Respondent points out, the order at issue was entered roughly twenty-three years ago. Assuming that Petitioner means to argue that he filed this motion within one year of his finding out the true nature of the Court's 1999 Order, this delay was unreasonable. In the years between the Court's 1999 Order and Petitioner's 60(b) Motion, Petitioner has been active in pursuing post-conviction relief, including filing a pro se PCRA petition in 2000, a counseled amended PCRA petition in 2002, and a counseled § 2254 petition in the Middle District of Pennsylvania in 2006--where Petitioner now argues the Court should have transferred his case in 1999. As Petitioner notes, in filing such petitions, it is necessary to provide a detailed procedural background, and it is unclear why Petitioner, though active in the court system, failed to realize

5

the nature of this Court's 1999 Order. Moreover, it is unclear why Petitioner never received a copy of the 1999 Order as he was the one who filed the action.

Even if Petitioner had timely filed his 60(b) motion, relief under 60(b)(6) is not warranted. The precedent is clear that relief under 60(b)(6) is rare and only available under extraordinary circumstances. Petitioner argues that intervening a change in Supreme Court law as applied to his case constitutes an extraordinary circumstance here. However, Petitioner cites to concurrences and dissents rather than the majority opinion for support, and in any event, the case Petitioner relies on was decided in 2004. Rumsfeld v. Padilla, 542 U.S. 426 (2004); see also Cox, 757 F.3d at 116 ("It is not disputed that the timing of the 60(b)(6) motion before us-- filed . . . ninety days after [the Supreme Court's decision in] Martinez-- is close enough to that decision to be deemed reasonable. Still . . . we warn-- that, unless a petitioner's motion for 60(b)(6) relief based on [an intervening change in law] was brought within a reasonable time of that decision, the motion will fail."). Therefore, the motion is both untimely and lacks the extraordinary circumstances required for the Court to grant relief.

Moreover, "the . . . qualifying word 'final' emphasizes the character of the judgments, orders, or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are

6

not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed R. Civ. P. 60(b) advisory committee's note to the 1946 amendment (emphasis added); see also State Nat'l Ins. Co., v. Cnty. of Camden, 834 F.3d 399, 406 (3d Cir. 2016) ("[B]ecause the underlying dismissal [] was not a 'final judgment, order, or proceeding,' [a] 60(b)(6) motion was not a proper avenue by which to challenge [] dismissal.").

The Court's 1999 Order was a dismissal without prejudice, which is not a final order under Rule 60(b) because an order dismissing a petition without prejudice "is not a final [] order, unless the [petitioner] can no longer amend the [petition] because, for example, the statute of limitations has run. . . ." Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J., 907 F.2d 1408, 1416 (3d Cir. 1990).

After the Court's dismissal, Petitioner filed a separate petition in the Middle District of Pennsylvania, which was denied and dismissed as time-barred. Petitioner argues that had the Court transferred rather than dismissed his habeas petition, then his habeas petition would have been found timely. This argument is without merit. Petitioner had time to refile his petition in the Middle District before the statute of limitations had run. However, Petitioner waited until 2006--

7

more than five-years after the Court's dismissal without prejudice-- to do so and offers no justification or explanation for the delay.

## IV. CONCLUSION

In conclusion, Petitioner is not entitled to relief under Rule 60(b)(6) because the motion was not made in a reasonable time, there are not extraordinary circumstances present to warrant relief, and the order he seeks relief from was not final as required by the Rule.

An appropriate order follows.